INQUIRY COMMISSION,
Complainant,

v.

Stephanie R. BAISDEN, Esq.
KBA Member No. 84824,
Respondent.

No. 2002–SC–0131–KB.

Supreme Court of Kentucky.

May 16, 2002.

## ORDER OF TEMPORARY SUSPENSION

The Inquiry Commission has moved the Court to enter an Order of Temporary Suspension against Stephanie R. Baisden, whose last known addresses are 2432 Haviland Drive, Owensboro, Kentucky, and 1330 Morgantown Road, Whitesville, Kentucky, pursuant to SCR 3.165(1)(b) and SCR 3.165(1)(d). The Commission alleges that there is probable cause to believe that Ms. Baisden poses a substantial threat of harm to the public or to herself and that she is either mentally disabled or addicted to intoxicants or drugs and does not have the physical or mental fitness to continue to practice law.

In support of the petition, we are provided with a copy of a Petition to Determine if Disabled filed against Ms. Baisden by David Yewell, on January 25, 2002, in the Daviess District Court. An affidavit attached to the disability petition set forth Mr. Yewell's reasons for proceeding and detail his efforts to determine the cause for Ms. Baisden's erratic behavior. Among other things, Ms. Baisden has failed to appear at various scheduled proceedings in Daviess and Henderson Counties and, as a result of her non-attendance of a criminal pretrial hearing, a warrant for her arrest was issued when she failed to appear to show cause for her absence. Additionally, Mr. Yewell states, he has been advised by judicial officers that Ms. Baisden has been behaving in an agitated and aggravated fashion during court proceedings to the extent that Mr. Yewell was requested to intervene. He has sought assistance from the Lawyers Helping Lawyers committee of the Kentucky Bar Association. As of the filing of the petition in this Court, the warrant had not been served and the Inquiry Commission was informed that Ms. Baisden was evading service of same.

According to the affidavit, Ms. Baisden has isolated herself from both friends and family, ceased collecting her mail regularly and canceled both her home and office telephone accounts. On the two occasions that Mr. Yewell was able to speak personally with Ms. Baisden, his offers of help were rejected. He also stated that he has been advised that Ms. Baisden has spoken openly with others about doing harm to herself. The record does not reflect whether the Daviess County petition has been served upon Ms. Baisden or, if it has, whether the requisite and requested mental and physical examinations have been performed. Pending the completion of the proceeding in this Court, Mr. Yewell has assumed Ms. Baisden's caseload.

We note that despite having mailed this petition to both addresses of record for Ms. Baisden, she has filed no response. Neither copy was returned to the clerk as undeliverable and considerably more than the designated time to file a reply has elapsed. The allegations herein are extremely serious and indicate that Ms. Baisden is in danger of damaging the case of one or more of her clients. Further, that a lawyer of high repute, such as Mr. Yewell, took the extreme step of filing a disability petition tends to prove that the Inquiry Commission does indeed have probable cause and a reasonable basis to believe that Ms. Baisden poses a substantial threat of harm to the public or to

herself and that she does not have the physical or mental fitness to continue to practice law. We, therefore, hereby ORDER that Respondent, Stephanie R. Baisden, be and is hereby temporarily suspended from the practice of law until such time as further orders of this Court are entered. Respondent is additionally ordered to notify her clients of her inability to represent them and is to provide copies of the correspondence giving such notice to the Kentucky Bar Association within thirty (30) days of entry of this order.

LAMBERT, C.J.; GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

COOPER, KELLER and STUMBO, JJ., dissent and would instead enter an order directing Respondent to show cause why she should not be temporarily suspended.

ENTERED: May 16, 2002.

/s/ Joseph E. Lambert

CHIEF JUSTICE